**NOT FOR PUBLICATION**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
                           CAMDEN VICINAGE
```

|  |  |
|---|---|
| PATRICK KEITH, : | **Hon. Jerome B. Simandle** |
| Petitioner, : | Civil No. 09-0162 (JBS) |
| v. : |  |
| JEFF GRONDOLSKY, : | **O P I N I O N** |
| Respondents. : |  |

**APPEARANCES:**

PATRICK KEITH, #09496-033
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640
    Petitioner Pro Se

RALPH J. MARRA, JR.,
ACTING UNITED STATES ATTORNEY
By: John Andrew Ruymann,
    Assistant United States Attorney
402 East State Street
Trenton, New Jersey  08608
    Attorney for Respondents

**SIMANDLE, District Judge**

    Patrick Keith, an inmate confined at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") determination that he is not eligible for the early release incentive for successful completion of a residential substance abuse treatment program pursuant to 18 U.S.C. § 3621(e)(2)(B).  Respondents filed an Answer, arguing that the Petition should be dismissed.  The

principal issue is whether the Bureau of Prisons' regulation in 28 C.F.R. 550.58(a)(1)(vi)(B), precluding early release for an offender whose felony conviction involved the possession of a firearm, is arbitrary and capricious in violation of § 706 of the Administrative Procedure Act.  Having thoroughly examined the submissions of the parties, this Court will dismiss the Petition.

## I.  BACKGROUND

Petitioner challenges the BOP's decision that he is not eligible for the early release incentive of up to one year, pursuant to 18 U.S.C. § 3621(e)(2)(B), for completion of the residential drug abuse program ("RDAP").  See 18 U.S.C. § 3621(a) and (e).  The undisputed facts are as follows.  Petitioner is serving an aggregate 80-month sentence imposed by the United States District Court for the Western District of Kentucky on June 27, 2006, based on his guilty plea to conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and possession of pseudoephedrine, in violation of 21 U.S.C. § 841(c)(1) and (2) and 18 U.S.C. § 2.  See United States v. Keith, Crim. No. 04-0105 (JBC)-5 judgment (W.D. Ky. June 27, 2006).  With good conduct time, Petitioner's projected release date is September 19, 2010.

On October 12, 2006, M. Ellis, Drug Abuse Program Coordinator at USP Lee County, issued a Residential Drug Abuse

Program Notice to Inmate.  The Notice states that Petitioner satisfies the admission criteria for participation in the RDAP, but he is not eligible for the early release incentive under 18 U.S.C. § 3621(e) because Petitioner received a two point enhancement for possessing a firearm in relation to a drug offense.  On June 18, 2008, Petitioner submitted an administrative remedy request (BP-9) to the Warden of FCI Fort Dix.  On June 30, 2008, Warden Grondolsky denied the BP-9 administrative remedy on the ground that the sentencing enhancement Petitioner received on his current drug offense based on possession of a firearm at the time of the offense precludes eligibility for early release under 28 C.F.R. § 550.58(a)(1)(iv)(B) and Program Statement 5162.04.  Petitioner filed an appeal (BP-10) to the Regional Director of the BOP, asserting that this policy violates § 706 of the Administrative Procedure Act ("APA").  On August 7, 2008, Regional Director D. Scott Dodrill denied the appeal on the following basis:

> You assert that <u>Arrington v. Daniels</u>, 516 F. 3d 1106 (9th Cir. 2008) declares your ineligibility for early release invalid . . . .  Program Statement 5330.10, <u>Drug Abuse Programs Manual</u>, and the implementing Bureau regulation at 28 C.F.R. § 550.58(a) provide that certain categories of inmates are not eligible for early release.  The regulation at § 550.58(a)(1) provides, in pertinent part: "As an exercise of discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release: . . . (vi) Inmates whose current offense is a

3

> felony: . . . (B) That involved the carrying, possession, or use of a firearm . . ."
>
> Records indicate you were convicted of Conspiracy to Possess With Intent to Distribute 500 Grams or More of Methamphetamine and Possession of Pseudoephedrine. According to your Pre-Sentence Report, your offense involved the possession of handguns and a two-point level enhancement was applied to your case. Pursuant to the above regulation, you are ineligible for early release. The <u>Arrington</u> case only applies to inmates in the Ninth Circuit. Since you are not serving a sentence nor have you completed the unit-based portion of the RDAP at an institution located within the Ninth Circuit, you do not meet the criteria for application of the ruling. Accordingly, your appeal is denied.

(Response of D. Scott Dodrill dated Aug. 7, 2008) (Docket entry #7-2 at p. 27.)

Petitioner appealed to the Cental Office of the BOP, which denied the appeal as follows on December 3, 2008:

> Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. Program Statement 5330.10, <u>Drug Abuse Programs Manual, Inmate</u>, provides in Section 6.1.1 that "as an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release . . . inmates whose current offense is a felony . . . that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives . . ." Program Statement 5162.04, <u>Categorization of Offenses</u>, provides in Section 7 that as an exercise of the discretion of the Director of the Federal Bureau of Prisons, your offense in violation of 21 U.S.C. §§ 841 & 846, when combined with a two-point specific offense characteristic,

4

>renders you ineligible for the early release benefits of the RDAP.  The authority of the Bureau of Prisons to make this determination has been affirmed by the U.S. Supreme Court in Lopez v. Davis, 531 U.S. 230 (2001). Bureau of Prisons policy which is applicable to this matter is fully compliant with the Administrative Procedures Act.
>
>The recent court decision in the Ninth Circuit is not applicable to your case as you are neither serving a sentence nor did you complete the unit-based component of the RDAP within the Ninth Circuit.
>
>Your appeal is denied.

(Response of Harrell Watts to Administrative Remedy No. 498246-A2, dated Dec. 3, 2008) (Docket entry #7-2 at p. 29.)

On January 9, 2009, Petitioner executed the Petition presently before this Court.  The Clerk received and filed it on January 12, 2009.  Petitioner challenges the BOP's determination that he is not eligible for the early release incentive on the following ground:

>Ground One: Bureau of prison (BOP); specifically, FCI Fort Dix violated Administrative Procedure Act (APA) by categorically exclu[d]ing Petitioner from early release for, if or when, completion of DAP.
>
>Supporting Facts: I requested to be considered for early release and the opportunity of full benefits and participation in the Residential Substance Abuse Program (RDAP) at FCI Fort Dix, if and when, I completed the required treatment conditions.  I was informed because I was given a sentence enhancement for possession of a firearm during my drug offenses conviction I did not categorically qualify

5

>     and was categorically excluded from that
>     particular benefit of RDAP.

(Pet. ¶ 14.a.) (Docket entry #1 at p. 4.)  Respondent filed an Answer, arguing that the Petition should be dismissed.

## II.  DISCUSSION

### A.  Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 2241 to consider the instant Petition because Petitioner was incarcerated in New Jersey when he filed the Petition, and he challenges the denial of early release on federal grounds.  See Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235, 241-44 (3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).  Moreover, if the BOP incorrectly determined his eligibility for early release, this error carries a potential for a miscarriage of justice that can be corrected through habeas corpus.  See Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden, 921 F.2d at 479.

### B.  Statutory Authority

Congress requires the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."[1] 18

---

[1] Congress authorized such sums as may be necessary to carry
                                                    (continued...)

U.S.C. § 3621(b)(5). To carry out this mandate, the statute further provides:

> (e) **Substance abuse treatment.**--
>
> **(1) Phase-in.** –In order to carry out the requirement of the last sentence of subsection (b) of this section, that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, the Bureau of Prisons shall . . . provide residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners by the end of fiscal year 1997 and thereafter, with priority for such treatment accorded based on an eligible prisoner's proximity to release date.
>
> **(2) Incentive for prisoners' successful completion of treatment program.**
>
>     **(A) Generally.** Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate . . .
>
>     **(B) Period of custody.** The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. §§ 3621(e)(1)(C), 3621(e)(2).

---

    [1](...continued)
out this requirement through the year 2011. See 18 U.S.C. § 3621(e)(4).

C.  Regulatory Framework

On December 3, 2008, the date on which the BOP issued its final decision, the governing regulation was 28 U.S.C. § 550.58, which was effective to March 15, 2009.  See 74 Fed. Reg. 1892 (Jan. 14, 2009).  That regulation provided, in relevant part:

> As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release [for successful completion of a residential drug abuse treatment program]: . . . Inmates whose current offense is a felony: . . . That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device).

28 C.F.R. 550.58(a)(1)(vi)(B).

On January 14, 2009, the BOP published a final rule revising the drug abuse treatment program regulations, which became effective on March 16, 2009.  See 74 Fed. Reg. 1892 (Jan. 14, 2009).  The regulation in effect today provides:

> (b) Inmates not eligible for early release.  As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . (5) Inmates who have a current felony conviction for: . . . (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

28 C.F.R. § 550.55(b)(5)(ii).

In adopting the above final regulation, the BOP rejected a comment recommending that this section be altered so that inmates

convicted of an offense that involved the carrying or possession (but not use) of a firearm or weapon would be eligible for early release consideration. See 74 Fed. Reg. 1892, p. 8. The BOP's rationale for rejecting this comment is set forth below:

> Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (See Lopez v. Davis, 531 U.S. 230 (2001)). The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(1)-(iv) because commission of such offenses illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.
>
> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Id. at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged

>       in felonious activity. Thus, in the interest
>       of public safety, these inmates should not be
>       released months in advance of completing
>       their sentences.

74 Fed. Reg. 1892, p. 8.

D.  Does the Regulation Violate the Administrative Procedure Act?

Evidently relying on Arrington v. Daniels, 516 F. 3d 1106 (9th Cir. 2008), Petitioner argues that the BOP's determination that he is not eligible for the early release incentive must be vacated because 28 C.F.R. 550.58(a)(1)(vi)(B), the regulation on which the BOP relied, was not promulgated in accordance with § 706 of the Administrative Procedure Act ("APA"), insofar as the BOP failed to articulate an adequate rationale in the administrative record when it promulgated the final rule.

The APA requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).[2]  A reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996).  "The courts may not accept appellate counsel's *post hoc* rationalizations for agency action," Burlington Truck Lines, Inc.

---

[2] See Lopez v. Davis, 531 U.S. 230, 240 (2001) (BOP regulation which categorically excludes inmates from eligibility for early release is permissible under 18 U.S.C. § 3621(e)(2)(B)).

10

v. United States, 371 U.S. 156, 168 (1962), but courts "will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned," Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 286 (1974).

This case involves agency rulemaking rather than adjudication.  In that situation, § 553(c) of the APA provides that, "[a]fter notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation.  After consideration of the relevant matter presented, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose."  5 U.S.C. § 553(c).  The Supreme Court explained the standard for reviewing agency rulemaking under §§ 553(c) and 706(2)(A) of the APA as follows:

> The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency . . . . . **Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise**. The reviewing court should not attempt itself to make up for such deficiencies: "We may not supply a reasoned basis for the agency's action that the agency itself has not given."

11

> SEC v. Chenery Corp., 332 U.S. 194, 196, 67
> S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947). We
> will, however, "uphold a decision of less
> than ideal clarity if the agency's path may
> reasonably be discerned." Bowman Transp. Inc.
> v. Arkansas-Best Freight System, supra, 419
> U.S., at 286, 95 S.Ct., at 442.

Motor Vehicle Mfrs. Ass'n of U.S., 463 U.S. at 43 (emphasis added).

In Arrington, the Ninth Circuit held that, "[b]ecause . . . the administrative record contains no rationale articulating the Bureau's decision to categorically exclude prisoners with convictions involving firearms from eligibility for early release under § 3621(e)," 28 C.F.R. 550.58(a)(1)(vi)(B) was arbitrary and capricious in violation of § 706(2)(A) of the APA. Arrington, 516 F. 3d at 1112. However, the only other circuit to consider the issue in a published opinion reached a contrary result, finding the "reasoning [in Arrington] unpersuasive and, though purporting to be based on an open procedural issue, contrary to the Supreme Court's decision in Lopez."[3] See Gatewood v. Outlaw, 560 F. 3d 843, 846 (8th Cir. 2009), petition for cert. filed, __ U.S.L.W. ___ (U.S. Jun. 23, 2009) (No. 09-5089). As the Eighth Circuit explained,

> [T]he Ninth Circuit panel in Arrington erred
> when it disregarded the BOP's public safety
> rationale simply because the court could not
> find that rationale in an "administrative
> record" which the court never defined but

---

[3] The Third Circuit has not ruled on the issue.

>seemed to limit to the BOP's Federal Register notice in 2000 finalizing the previously interim rule . . .
>
>The Supreme Court discerned that public safety was the basis for the BOP's exclusion of firearm offenders and concluded that the agency's rule was *substantively* reasonable in Lopez . . . . That, we conclude, is all 5 U.S.C. § 553(c) and 706(2)(A) require . . . .
>
>When the agency has articulated and acted on a consistent rationale throughout the course of a lengthy informal rulemaking process, the final rule is not arbitrary and capricious because the rationale was not fully reiterated in the final agency action.

Gatewood, 560 F. 3d at 847-48.

This Court finds Gatewood persuasive, and holds that the categorical exclusion from eligibility for early release under § 3621(e) of inmates (like Petitioner) whose current offense is a felony that involved the carrying, possession, or use of a firearm, pursuant to 28 C.F.R. 550.58(a)(1)(vi)(B), is not arbitrary and capricious in violation of § 706 of the APA. See Gatewood, 560 F. 3d at 847-48; Santiago v. Schultz, 2009 WL 1587886 (D.N.J. Jun. 3, 2009); Neal v. Grondolsky, 2008 WL 4186901 (D.N.J. Sept. 9, 2008).

Moreover, in adopting the final revised regulation on January 14, 2009, effective March 16, 2009, the BOP articulated in the administrative record its rationale for excluding felons who possessed a firearm from early release eligibility under § 3621(e). See 74 Fed. Reg. 1892 ("The Bureau recognizes that

there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.")  Thus, to the extent <u>Arrington</u> was correctly decided, by specifying its rationale in the administrative record, the BOP corrected the APA deficiency found in <u>Arrington</u> and the case no longer has force.

### III. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition for Writ of Habeas Corpus.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE, U.S.D.J.

Dated:  **August 25**  , **2009**